IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICCO WILLIAMS, )<br>   Plaintiff, )<br> )<br>  v. )<br> )<br>COMMISSIONER OF )<br>SOCIAL SECURITY, )<br>   Defendant. ) | Civil Action No.06-0761 |

REPORT AND RECOMMENDATION

I. Recommendation

It is respectfully recommended that the defendant's motion for summary judgment (Docket No. 13) be granted; and that the decision of the Commissioner be affirmed, and that judgment be entered accordingly.

II. Report

Presently before the Court for disposition are cross motions for summary judgment.

On June 12, 2006, Ricco Williams, by his counsel, filed a complaint pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. §405(g) for review of the Commissioner's final determination disallowing his claim for child's Supplemental Security Income benefits under Sections 1614 and 1631 of the Act, as amended, 42 U.S.C. §1381 cf.

The plaintiff filed an application for Supplemental Security Income Benefits on September 22, 2004 (R.32-35), and benefits were denied on January 10, 2005 (R.23-26). On February 1, 2005, the plaintiff requested a hearing (R.29) and on May 25, 2005 he elected not to

appear at the hearing (R.27). An Administrative Law Judge denied benefits on December 27, 2005 (R.9-19), and on February 14, 2006, reconsideration was requested (R.8).  On April 13, 2006, the Appeals Council affirmed the prior determination (R.4-7).  The instant complaint was filed on June 12, 2006.

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain his/her burden of demonstrating that he/she was disabled within the meaning of the Social Security Act.  Richardson v. Perales, 402 U.S. 389 (1971); Adorno v. Shalala, 40 F.3d 43 (3d Cir. 1994).

It is provided in 42 U.S.C. Section 405(g) that:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.  The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Substantial evidence is "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)." Richardson v. Perales, supra., at page 401; Ventura v. Shalala, 55 F.3d 900 (3d Cir. 1995).

The purpose of the Supplemental Security Income Program is to provide additional income to persons of limited resources who are aged, blind or disabled persons. 42 U.S.C. §1381; Chalmers v. Shalala, 23 F. 3d 752 (3d Cir. 1994).  To be eligible for such benefits, an individual's income must not exceed a certain established maximum and he/she must fulfill certain eligibility requirements.

As applied to children, a determination of disability is based on a sequence of findings:

> If you are not doing substantial gainful activity, we will consider your physical or mental impairment(s) first to see if you have an impairment or combination of impairments that is severe. If your impairment(s) is not severe, we will determine that you are not disabled and not review your claim further. If your impairment(s) is severe, we will review your claim further to see if you have an impairment(s) that meets, medically equals or functionally equals the listings. If you have such an impairment(s), and it meets the duration requirement, we will find that you are disabled. If you do not have such an impairment(s), or if it does not meet the duration requirement, we will find that you are not disabled.

20 C.F.R. 416.924(a).

The duration requirement provides:

> Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months.

20 C.F.R. 416.909.

For purposes of determining whether or not the plaintiff met the eligibility requirements, certain evidence was considered by the Commissioner.

The plaintiff received out-patient treatment at Children's Hospital for counseling and anger management between May 11, 2004 and May 25, 2004 (R.73-76).

The plaintiff was evaluated at Children's Hospital on October 6, 2004 where it was concluded that the plaintiff did not have ADHD but it was suggested that he might be experiencing anxiety. Treatment recommendations were made (R.77-83).

In an evaluation for anxiety completed on January 3, 2005, it was concluded that while the plaintiff did have some severe impairments they did not meet the eligibility standards (R.84-89).

In a psychiatric report dated February 15, 2005, W. Burleson Daviss, M.D. noted that he had been treating the plaintiff for a few months for ADHD and an oppositional defiant disorder. The doctor observed "these problems are interfering substantially in his relationships with peers and his teacher at school" (R.98).

The plaintiff received mental health services between March 1, 2005 and May 12, 2006. It was observed that the plaintiff was bright, had friends at school, and displayed age appropriate skills. Behavior control was set as a goal. A diagnosis of oppositional defiant disorder and ADHD was made. The plaintiff appeared to be responding to treatment (R.109-156).

In a report of a psychological evaluation conducted on March 1, 2005, Daniel Marston, Ph.D. diagnosed an oppositional defiant disorder, ADHD and a mood disorder. Therapy and medication were recommended (R.90-97).

In a report of a psychological evaluation conducted on June 7, 2005, Daniel Marston, Ph.D. diagnosed an oppositional defiant disorder and ADHD as well as a mood disorder. Therapy and medication were recommended as well as extensive support (R.99-108).

The plaintiff's Individual Educational Assessments during the period from February 2005 through January 2006 concluded that he was a student with a serious emotional disturbance. A highly structured educational program was recommended. It was observed that due to his need for extensive emotional support he would only have limited regular classroom participation. He was reported to have at least average intelligence and the academic skills needed

for kindergarten. In January 2006, the plaintiff was moved to a regular classroom for all periods with emotional support (R.157-211).

> Based on the evidence presented, the Commissioner concluded:
>
> The claimant has some form of mood disorder ...   However, he has not demonstrated marked or equivalent limitation in two of the four broad areas of functioning outlined in listing 112.02B. The claimant has normal to above average ability to learn according to his teachers and to Dr. Marsden [sic.], and he has no reported difficulty in speaking or communicating. He has at most moderate limitation in social functioning due to his oppositional and defiant behavior at home and to an extent in school. However, he has friends at school and his teachers reported improvement in his behavior, describing him as disruptive rather than oppositional . He has at most moderate impairment in concentration, persistence or pace, with the claimant able to focus and pay attention when he is engaged in the subject, and he has experienced no episodes of deterioration or decompensation that have been documented in the record. As for the claimant's ADHD and ODD, the claimant would need to show marked or equivalent [limitations] in two of the four areas of functioning described above as well as demonstrating marked hyperactivity, impulsiveness and inattention. While the claimant does demonstrate marked hyperactivity, the impulsiveness and inattention do not appear to rise to a marked level of limitation. Therefore, the claimant does not meet or equal the criteria of listing 112.11 or any other listing ...(R.15).

The record demonstrates that the plaintiff suffers from an attention deficit hyperactivity disorder and oppositional defiant behavior. However, he is of at least normal intelligence; is able to function at grade level; gets along with others; is progressing at school and has been moved into the regular classroom for all activities. In order to be disabling, an attention deficit hyperactive disorder must meet the requirements set forth in Listing 112.11, Pt. 404, Subpart P. Appendix 1 which provides:

> Manifested by developmentally inappropriate degrees of inattention, impulsiveness, and hyperactivity.

>   The required level of severity for these disorders is met when the requirements in both A and B are satisfied.
>
>   A. Medically documented findings of all three of the following:
>   >   1. Marked inattention; and
>   >   2. Marked impulsiveness; and
>   >   3. Marked hyperactivity;
>
>   AND
>
>   B. For children (age 3 to attainment of age 18), resulting in at least two of the appropriate age-group criteria in paragraph B2 of 112.02 [which provides]:
>
>   2....a. Marked impairment in age-appropriate cognitive/communicative function, documented by medical findings ... and including, if necessary, the results of appropriate standardized psychological tests...
>
>   b. Marked impairment in age-appropriate social functioning, documented by history and medical findings ...
>
>   c. Marked impairment in age-appropriate personal functioning, documented by history and medical findings ...
>
>   d. Marked difficulties in maintaining concentration, persistence, or pace.

When considered in light of these requirements, it is apparent that the Commissioner's conclusion is supported by substantial evidence, for while the plaintiff clearly has some behavioral problems, he is functioning at grade level in a regular classroom environment where there are no reports of disruptive behavior, and he appears to get along with others.

Summary judgment is appropriate where there are no material factual issues in dispute and the movant is entitled to judgment as a matter of law. Biener v. Calio, 361 F.3d 206 (3d Cir. 2004). In the instant case there are no material issues of fact in dispute, and the findings of the Commissioner are supported by substantial evidence. For this reason, it is recommended

that the defendant's motion for summary judgment be granted; that the decision of the Commissioner be affirmed and that judgment be entered accordingly.

      Within thirteen days after being served with a copy, any party may serve and file written objections to the report and recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                Respectfully submitted,

                s/ROBERT C. MITCHELL,

Filed: October 30, 2006        United States Magistrate Judge